UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CHASE INVESTMENT SERVICES CORP.
FAIR LABOR STANDARDS ACT (FLSA) AND
WAGE AND HOUR LITIGATION  MDL No. 2412

ORDER DENYING TRANSFER

**Before the Panel:** Pursuant to 28 U.S.C. § 1407, plaintiff in the Southern District of New York *Ciullo* action moves to centralize this litigation in that district. This litigation currently consists of four actions listed on Schedule A and pending in two districts. Plaintiffs in the Southern District of New York *Lloyd* action agree that coordination of the cases for discovery purposes in the Southern District of New York may increase efficiency and lower costs for all parties. Plaintiff in the Central District of California *Baumann* action and defendants J.P. Morgan Securities, LLC (as successor in interest to Chase Investment Services Corp.); JPMorgan Chase Bank, N.A.; and JPMorgan Chase & Co. (collectively, Chase) oppose centralization or, alternatively, suggest centralization in the Central District of California.

On the basis of the papers filed and hearing session held, the Panel is not persuaded that Section 1407 centralization would serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. All actions share factual issues arising from allegations that Chase misclassifies its financial advisors as exempt from overtime under the Fair Labor Standards Act and/or state wage and hour laws. However, there are only four actions pending in two districts, and the two California actions are currently stayed while certain issues are on appeal to the Ninth Circuit. Under these circumstances, movant fails to meet his burden of proving that centralization would be the most efficient path for this litigation. *See, e.g., In re Transocean Ltd. Sec. Litig.*, 753 F. Supp. 2d 1373, 1374 (J.P.M.L. 2010). We have previously found centralization to be inappropriate in the employment practices context where, *inter alia*, (1) the defendants and/or some of the plaintiffs oppose centralization, or (2) only a few actions or procedurally dissimilar actions are involved in the litigation. *See In re: CVS Caremark Corp. Wage and Hour Emp't Practices Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010).

The stays in effect in both California actions suggest that there would be little benefit to centralization, as the two California cases and the two New York cases would not proceed on the same time line. Given the limited number of parties and courts, alternatives to transfer exist that may minimize whatever possibilities there are of duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also Manual for Complex Litigation, Fourth*, § 20.14 (2004).

-2-

IT IS THEREFORE ORDERED that the motion, pursuant to 28 U.S.C. § 1407, for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

| | |
|---|---|
| Kathryn H. Vratil | W. Royal Furgeson, Jr. |
| Paul J. Barbadoro | Marjorie O. Rendell |
| Charles R. Breyer | Lewis A. Kaplan |

**IN RE: CHASE INVESTMENT SERVICES CORP.**
**FAIR LABOR STANDARDS ACT (FLSA) AND**
**WAGE AND HOUR LITIGATION**                              MDL No. 2412

## SCHEDULE A

Central District of California

Joseph Baumann v. Chase Investment Services Corp., et al., C.A. No. 2:11-06667
Michael Alakozai v. Chase Investment Services Corp., C.A. No. 2:11-09178

Southern District of New York

Jeffrey Lloyd, et al. v. J.P. Morgan Chase & Co., et al., C.A. No. 1:11-09305
Kenneth Ciullo v. JP Morgan Chase & Co., et al., C.A. No. 1:12-02197